1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FARAMARZ AZIZI,                          )        Case No. 1:07-cv-00882 GSA
                                         )
        Plaintiff,                       )        ORDER REGARDING MOTION FOR
                                         )        ATTORNEY'S FEES PURSUANT TO 42
        v.                               )        U.S.C. § 406(b)
                                         )
MICHAEL J. ASTRUE,                       )        (Document 27)
Commissioner of                          )
Social Security,                         )
                                         )
        Defendant.                       )
_____  )

## INTRODUCTION

        Petitioner Denise Bourgeois Haley, attorney for Plaintiff Faramarz Azizi, filed the instant motion
for attorney fees on August 10, 2009.  Counsel requests fees in the amount of $12,000.00 pursuant to
Title 42 of the United States Code section 406(b)(1).  (Doc. 27.)  Plaintiff has not objected to the
request.  Defendant responded on August 21, 2009.  (Doc. 28.)  Petitioner filed a reply on August 28,
2009.  (Doc. 29.)

## BACKGROUND

        Plaintiff filed his social security complaint on June 18, 2007.  On April 15, 2008, pursuant to the
parties' stipulation and after Plaintiff had filed an opening brief, the Court remanded the action for
further proceedings.  (Doc. 23.)  Subsequently, judgment was entered for Plaintiff.  (Doc. 24.)

On July 14, 2008, the Court granted the parties' stipulation and ordered payment of attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $3,900.00.  (Doc. 26.)

On April 1, 2009, the Commissioner issued a decision granting Plaintiff's application for benefits.  Plaintiff received $85,992.00 in retroactive benefits.  The Commissioner withheld $21,894.00 from the past-due benefit for attorney fees.  This amount equals twenty-five (25) percent of the retroactive benefit award.  (Doc. 27 at 3; Haley Decl. at ¶ 4 & Ex. 3.)

Counsel therefore seeks $12,000.00 for 22.4 hours of attorney time and 5.2 hours of paralegal time.  After crediting $3,900.00 received previously pursuant to the EAJA, Counsel requests a net fee of $8,100.00 from the past-due award.  (Doc. 27 at 3-5; Haley Decl. at ¶ 5.)

## DISCUSSION

Title 42 of the United States Code section 406(b)(1)(A) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

In *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002), the Supreme Court explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that contingency fee agreements between claimants and their attorneys will "yield reasonable results in particular cases."  The Court must respect "the primacy of lawful attorney-client fee agreements," *id*. at 793, "looking first to the contingent-fee agreement, then testing it for reasonableness," *id*. at 808; see also *Crawford v. Astrue*, ___ F.3d ___, 2009 WL 3617989 (9th Cir. 2009).  Agreements are not enforceable to the extent that they provide for fees exceeding twenty-five percent of the past-due benefits.  *Id*.  "Within the 25 percent boundary. . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved.  *Id*.  Ultimately, an award of section 406(b) fees is offset by an award of attorney's fees granted under the EAJA.  28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.

2

In *Crawford v. Astrue*, the Ninth Circuit recently suggested factors that a district court should examine under *Gisbrecht* in determining whether the fee was reasonable.  In determining whether counsel met their burden to demonstrate that their requested fees were reasonable, the Court noted that (1) no reduction in fees due to substandard performance was warranted, and the evidence suggested that counsels' performance was nothing other than excellent; (2) no reduction in fees for dilatory conduct was warranted, as the attorneys in these cases caused no excessive delay which resulted in an undue accumulation of past-due benefits; and (3) the requested fees, which were significantly lower than the fees bargained for in the contingent-fee agreements, were not excessively large in relation to the benefits achieved and when taking into consideration the risk assumed in these cases.  *Crawford*, at *8.

Here, there is no indication that a reduction of fees is warranted for substandard performance.  Counsel is an experienced, competent attorney who secured a successful result for Plaintiff.  There is no indication that Counsel was responsible for any delay.  Finally, Counsel does not request the full twenty-five percent contingent-fee that Plaintiff agreed to at the outset of the representation.  The $12,000.00 fee requested ($8,100.00 net fee after subtracting the previously awarded EAJA fee) is clearly not excessively large in relation to the past-due award of $85,992.00.  In making this determination, the Court recognizes the contingent nature of this case and Counsel's assumption of the risk of going uncompensated.  *Hearn v. Barnhart*, 262 F.Supp.1033, 1037 (N.D. Cal. 2003).

The Court further finds that the requested fees are reasonable when compared to the amount of work Counsel performed before this Court.  Although the action was ultimately remanded pursuant to the parties' stipulation, Counsel prepared and filed a fourteen page opening brief.  (Doc. 18.)  Counsel also submitted a detailed billing statement which supports her request.  (Haley Decl., Ex. 4.)

//
//
//
//
//
//

3

**ORDER**

Counsel is entitled to a Title 42 of the United States Code section 406(b) award in the amount of $12,000.00.  The petition is therefore GRANTED in the amount of $12,000.00.  Pursuant to Counsel's request, the Court orders this amount payable directly to Counsel.  Upon payment, Counsel is directed to refund $3,900.00 to Plaintiff.


IT IS SO ORDERED.

**Dated:   November 24, 2009**            **/s/ Gary S. Austin**
                              UNITED STATES MAGISTRATE JUDGE